FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
Feb 02, 2022
Tammy H. Downs, Clerk
By: Jake Kornegay D.C.
DEP CLERK



**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION       MDL No. 3021

### TRANSFER ORDER

**Before the Panel**:*  Plaintiffs in the District of Kansas *Hunter-Blank* action and the Western District of Texas *Wheeler* action move under 28 U.S.C. § 1407 to centralize this litigation in the District of Kansas. The litigation consists of eleven actions pending in nine districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of twelve related actions pending in twelve districts.[1]

All responding plaintiffs, including plaintiffs in ten potential tag-along actions, support the motion. Defendant SoClean, Inc., supports centralization, but suggests that the litigation be centralized in a district court within the Fifth Circuit.[2] Interested parties Philips RS North America LLC, Koninklijke Philips N.V., and Philips North America LLC (collectively, Philips) ask that the Panel transfer actions brought by plaintiffs who used recalled Philips Respironics devices to the Western District of Pennsylvania for inclusion in MDL No. 3014, *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Prods. Liab. Litig.*

On the basis of the papers filed and the hearing session held,[3] we find that these actions involve common questions of fact, and that centralization in the Western District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. This litigation arises out of a February 27, 2020 safety communication issued by the U.S. Federal Drug Administration (FDA) stating that devices marketed for cleaning Continuous Positive Airway Pressure (CPAP) machines and similar respiratory devices with ozone

---

\*  One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] In its Notice of Presentation of Oral Argument, SoClean requested centralization in the Eastern District of Louisiana.

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of January 27, 2022. *See* Suppl. Notice of Hearing Session, MDL No. 3021 (J.P.M.L. Jan. 10, 2022), ECF No. 65.

may expose users to excessive levels of the gas, which can worsen chronic respiratory diseases and increase vulnerability to respiratory infection. Plaintiffs in the actions bring various putative statewide class actions, asserting product liability and consumer protection claims, and seeking damages for personal injuries, economic loss, and medical monitoring. All actions share common questions of fact arising from allegations that ozone sanitizing devices sold by SoClean pose potential health hazards to users and cause damage to foam and other components in CPAP machines.

Discovery in all cases likely will focus on the development and safety of SoClean's devices, statements made in SoClean's labeling and marketing materials, and the effects of ozone exposure on plaintiffs and the components of CPAP machines. Centralization will eliminate duplicative discovery and prevent inconsistent pretrial rulings (including with respect to class certification and preemption), and will preserve the resources of the parties, their counsel, and the judiciary.

Philips argues that actions brought by plaintiffs who used SoClean devices to sanitize recalled Philips Respironics devices should be transferred to MDL No. 3014. It maintains that both the SoClean and Philips litigations will involve discovery relating to the causes and effects of the breakdown of foam components in recalled Philips devices and the off-gassing of volatile organic compounds from such components. Thus, it contends, including actions in which plaintiffs used a SoClean device on a Philips product in the Philips MDL will avoid duplicative discovery and inconsistent pretrial rulings, and will provide conveniences for the parties and witnesses. Philips asserts that SoClean likely will be added as a defendant in many of the MDL No. 3014 actions, and it states that Philips may be added as a defendant in the SoClean litigation. Plaintiffs and SoClean oppose Philips' position, arguing that the primary issues in the SoClean litigation relate to the development and safety of SoClean sanitizing devices and the health risks posed by ozone exposure.

In view of the factual overlap between MDL No. 3014 and the SoClean actions in which plaintiffs used a Philips device,[4] coordination of pretrial proceedings between the two litigations in a single district would appear to offer substantial efficiencies. We are not persuaded, however, that Philips' proposal—separating the SoClean actions between two different MDLs—would be similarly efficient. Rather, we conclude that centralization of the SoClean actions in the Western District of Pennsylvania before Judge Joy Flowers Conti will allow for coordination with MDL No. 3014, as well as separate pretrial proceedings concerning the SoClean actions.[5] Judge Conti,

---

[4] Philips' counsel stated at oral argument that plaintiffs in fifteen of the twenty-three involved actions used recalled Philips Respironics devices.

[5] The fact that no involved action is pending in the Western District of Pennsylvania is not an obstacle given the benefits offered by centralization there. *See, e.g., In re Nine West LBO Secs. Litig.*, 464 F. Supp. 3d 1383, 1386 (J.P.M.L. 2020) (centralizing in S.D. New York despite "that a related action is not pending in the transferee district").

- 3 -

who presides over MDL No. 3014, is uniquely situated to preside over the overlapping claims in the SoClean MDL.  She is, of course, free to structure each MDL as she deems fit, and to establish separate tracks for discovery and other pretrial proceedings as appropriate.  We are confident that she will steer this matter on a prudent course.

    IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Joy Flowers Conti for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Nathaniel M. Gorton | Madeline Cox Arleo |

IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                              MDL No. 3021

## SCHEDULE A

### Middle District of Alabama

BRACKINS, ET AL. v. SOCLEAN, INC., C.A. No. 2:21-00651

### Northern District of Alabama

CUPP, ET AL. v. SOCLEAN, INC., C.A. No. 1:21-01309

### Eastern District of Arkansas

LANDERS v. SOCLEAN, INC., C.A. No. 4:21-00919

### Middle District of Georgia

BROOKS v. SOCLEAN, INC., C.A. No. 5:21-00357

### District of Kansas

STAHL v. SOCLEAN, INC., C.A. No. 2:21-02424
HUNTER-BLANK v. SOCLEAN, INC., C.A. No. 2:21-02425

### Western District of Louisiana

HEBERT v. SOCLEAN, INC., C.A. No. 6:21-03225

### Western District of Missouri

TURNER v. SOCLEAN, INC., C.A. No. 4:21-00722
JENKINS v. SOCLEAN, INC., C.A. No. 4:21-00723

### Southern District of Mississippi

SAKALARIOS v. SOCLEAN, INC., C.A. No. 2:21-00114

### Western District of Texas

WHEELER v. SOCLEAN, INC., C.A. No. 1:21-00837